IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

**UNITED STATES OF AMERICA** *

                                                Crim.  No. AW 09-0542

   v.                                 *

**JERRY BUSH**
**JOHN LINWOOD WILLIAMS**

                         *    *    *    *    *

## DEFENDANT'S MOTION TO COMPEL
## DISCLOSURE OF CONFIDENTIAL INFORMANT

Defendant Jerry Bush, through counsel, moves this Court for an order compelling the Government to disclose the identity of the confidential informant or informants who participated in the criminal activity giving rise to the charges pending against him in the above-captioned case. As grounds in support of this motion, the following is provided:

### STATEMENT OF RELEVANT FACTS

Mr. Bush is charged, along with co-defendant, John Linwood Williams, in a three-count indictment with one count of possession of a firearm after having been convicted of a crime punishable by greater than one year imprisonment in violation of 18 U.S.C. § 922(g); and one count of possession with intent to distribute a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1).

Discovery provided by the Government indicates that from July through September of 2009, a confidential source allegedly purchased heroin from Mr. Bush. The alleged transactions form the basis for the Government's obtaining a search warrant on a residence and two vehicles.

**ARGUMENT**

Because the confidential informant(s) purportedly engaged Mr. Bush in drug transactions that led to the execution of search warrants from which evidence was recovered, and that the Government would introduce at trial, disclosure of the true identify of such informants is necessary.

In *Roviaro v. United States*, 353 U.S. 53 (1957), the Supreme Court crafted a balancing test to guide the federal courts in determining when the Government should be ordered to disclose the identity of an informant. In applying this balancing test, courts should consider the "crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro*, 353 U.S. at 62.

A defendant may satisfy his burden of showing a need for disclosure of the informant's identity by establishing that the informant is a material witness or that the informant's testimony is "relevant and helpful" to the defense. *Id.; see also McLawhorn v. North Carolina*, 484 F.2d 1 (4th Cir. 1973); *United States v. Price*, 783 F.2d 1132 (4th Cir. 1986). "Where the informant is an actual participant [in the criminal activity], particularly where he helps set up the criminal occurrence," disclosure of his identity is "*required.*" *McLawhorn*, 484 F.2d at 5 (emphasis added).

In this case, disclosure of the identity of the confidential informant is "required" given that the version of events set forth in discovery provided by the Government makes clear that the confidential informant was an "actual participant" in Mr. Bush's alleged unlawful activity. That the informant was personally involved in the alleged purchase of heroin from Mr. Bush renders that person a "participant" in Mr. Bush's alleged criminal activity such that *McLawhorn* compels disclosure to the defense of the identity of the informant used by law enforcement.

## CONCLUSION

Based on the foregoing, Mr. Bush respectfully asks this Court to issue an order compelling the Government to disclose the identify of the confidential informant who allegedly purchased heroin from Mr. Bush from July through September 2009 as enumerated in the affidavit supporting the search warrants executed in the above-captioned case.

Respectfully submitted,

JAMES WYDA
Federal Public Defender


_____/s/_____
PAULA XINIS (#25304)
Assistant Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, Maryland 20770
Telephone: (301) 344-0600
Facsimile:  (301) 344-0019

Counsel for Jerry Bush